IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MELVIN BANKS, on behalf of himself and All Others Similarly Situated,<br><br>    Plaintiff,<br><br>vs.<br><br>STEVENS TRANSPORT, INC.,<br><br>    Defendant. | CASE NO. 2:15-cv-00117-TLS-PRC<br><br><br>UNITED STATES DISTRICT JUDGE |

**DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS FOR IMPROPER VENUE OR IN THE ALTERNATIVE TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF TEXAS**

Defendant Stevens Transport, Inc. ("Defendant" or "Stevens"), files this Motion to Dismiss under Fed R. Civ. P. 12(b)(3) Plaintiff's Complaint for Improper Venue, or alternatively, to Transfer Venue ("Motion") from the United States District Court for the Northern Division of Indiana to the United States District Court for the Northern District of Texas, and would respectfully show the Court as follows:

**I.    INTRODUCTION**

Under 29 U.S.C. § 1406 and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.,* venue is not proper in the United States District Court for the Northern District of 'Indiana because Defendant's only office is located solely in Dallas, Texas and all functions relating to alleged violations of the FCRA took place in Dallas, Texas. Plaintiff Melvin Banks' ("Plaintiff" or "Banks") Complaint alleges improper venue facts. Specifically, Plaintiff inaccurately states that Defendant "maintains a place of business in this District." [Complaint ("Compl.") ¶ 3. To the contrary, Defendant does *not have any* facilities in the state of Indiana. Exhibit A, Affidavit of William F. Tallent. None of the rules provide for an action to be heard

where the only connection between the case and the parties is the plaintiffs residence within a district. 28 U.S.C. 1391(b). The Northern Division of Indiana bears no rational connection with the events or omissions giving rise to the claim. Nor is defendant to be found within this district. Thus, Plaintiff has failed to satisfy the venue requirements and all claims brought by Plaintiff in his Complaint for alleged violations of FRCA should be dismissed pursuant to Fed. R. Civ. P. 12(b)(3). Alternatively, pursuant to 29 U.S.C. § 1404(a), this case should be transferred to the United States District Court for the Northern District of Texas.

## II.     12(B)(3) MOTION TO DISMISS.

The Court must dismiss this action because venue is improper in the Northern District of Indiana. When no special, restrictive venue statute applies, the general venue statute, 28 U.S.C. § 1391, controls a plaintiffs choice of venue. 28 U.S.C. 1391(b) states that a civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in **(1)** a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. 1391(b). None of these elements are satisfied in Indiana.

Defendant is a Texas Corporation with its principal place of business in Dallas, Texas. Defendant does not have *any* facilities in Indiana. Exhibit A, Affidavit of William F. Tallent. Plaintiff states in his Complaint that venue is proper in the United States District Court for the Northern District of Indiana because Defendant "maintains a place of business in this District." [Complaint ("Compl.") ¶ 3. However, Defendant has no place of business in the State of Indiana. Plaintiff cannot be permitted to forum shop and base his choice of venue on fabricated facts.

Additionally, the Complaint contains no information to suggest that a substantial part of the events giving rise to the claim occurred in Indiana. See 28 U.S.C. § 1391(A)(2). In fact, all authorizations for background checks and applications are completed in Dallas or sent electronically to Dallas. Exhibit A, Affidavit of William F. Tallent. Any potential witnesses responsible for making employment decisions based on background checks and complying with the Fair Credit Reporting Act are based in Dallas, Texas. Exhibit A, Affidavit of William F. Tallent. Stevens does not maintain its principal place of business, or any place of business for that matter, in the state of Indiana. Exhibit A, Affidavit of William F Tallent. As a result, no part, or at least no substantial part, of the events giving rise to the claims in this suit occurred in the Northern District of Indiana. Venue is simply not proper in the Northern District of Indiana under 28 U.S.C. § 1391(B)(2).

 Plaintiff has simply ignored the federal rules governing venue and has misrepresented to the Court that Defendant maintains a place of business in Indiana. See Compl. ¶3 Because Plaintiff has failed to assert proper venue facts, venue is not proper in the Northern District of Indiana and the Court should dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(3) and 29 U.S.C. § 1406. See Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas, 134 S. Ct. 568, 577, 187 L. Ed. 2d 487 (2013) ("[w]hen venue is challenged, the court must determine whether the case falls within one of the three categories set out in § 1391(b). If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a)").

### III. MOTION TO TRANSFER VENUE.

a. <u>Alternatively, the Case Should be Transferred to the Northern District of Texas.</u>

Venue should be transferred to the Northern District of Texas because it is the situs of the material events in this case, it best serves the interests of justice, and it is the most convenient forum. 28 U.S.C. § 1404(a) provides that a district court "[for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C.A. § 1404(a). In determining whether to grant a request to transfer venue, the Court may "consider a 'flexible and individualized analysis" and are afforded "the opportunity to look beyond a narrow or rigid set of considerations in their determinations." <u>Research Automation, Inc. v. Schrader-Bridgeport Intl Inc.</u>, 626 F.3d 973, 978 (7th Cir. 2010) citing <u>Stewart Organization, Inc. v. Ricoh Corp.</u>, 487 U.S. 22, 29 (1988).

    i. <u>Venue</u>

As discussed above, the Northern District of Indiana is wholly improper because it meets none of the venue provisions of 28 U.S.C. § 1391. However, venue is, proper in the Northern District of Texas under several provisions of 28 U.S.C. § 1391, namely, it is the "judicial district where the defendant resides" and "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391. Accordingly, under 28 U.S.C. 1404, the Court should, transfer this case to the Northern District of Texas.

    ii. <u>Convenience of the Parties and Witnesses</u>

To evaluate the convenience of the proposed forum for the parties and witnesses, courts consider: (1) the availability and access to witnesses; (2) each party's access to and distance from the resources in each forum; and (3) the location of material events. See <u>Research</u>

Automation, Inc., 626 F.3d at 978. Here, all of Defendant's witnesses, reside and work in the Northern District of Texas. In fact, Plaintiff has presented no evidence that any witness, other than himself, resides in the State of Indiana. Thus, nearly every witness readily identifiable at this juncture is located in the Northern District of Texas, and, consequently, outside the subpoena range of the Northern District of Indiana. See Exhibit A, Affidavit of William F. Tallent.

Furthermore, to the extent there are documents related to Defendant's background checks, they are kept in Defendant's facility in Dallas, Texas, and all hiring decisions are made at Defendant's facility in Dallas, Texas. Exhibit A, Affidavit of William F. Tallent. Thus, in the interest of the convenience of the parties and witnesses, the Court should grant Defendant's Motion to Transfer venue.

      iii.      Interest of Justice

The interests of justice element of the evaluation are public policy related considerations. In weighing whether transfer of venue is in the interests of justice, courts consider "docket congestion and likely speed to trial in the transferor and potential transferee forums, each court's relative familiarity with the relevant law, the respective desirability of resolving controversies in each locale, and the relationship of each community to the controversy" Id.; see Sassy, Inc. v. Berry, 406 F. Supp. 2d 874, 876 (N.D. Ill. 2005).

It is in the interest of justice for the case to be transferred to a permissible venue with a speedier trial docket. See Chicago, R. I. & P. R. Co. v. Igoe, 220 F.2d 299, 303 (7th Cir. 1955) As of December 31, 2014, the median number of months from filing to disposition of cases in the Northern District of Texas was only 6.9 months, and 21.4 months for cases that went to trial. In contrast, in the Northern District of Indiana the median number of months from filing to disposition of cases was 9.8 months, and 31.8 months for cases that went to trial. See Exhibit B,

Administrative Office of the United States Courts, 2014 Federal Management Statistics. These statistics illustrate that cases are resolved more quickly in the Northern District of Texas and transfer would result in a faster disposition of this matter.

Additionally, Plaintiffs case is based on alleged violations of federal law, of which both this Court and the courts in the Northern District of Texas, are familiar. Thus, both jurisdictions are equally capable of handling this matter. Thus, this factor is neutral and weighs neither in favor nor against transfer.

Lastly, when considering the respective desirability of resolving controversies in each locale and the relationship of each community to the controversy, the Court must find in favor of Defendant. As briefed in detail above, Texas has significantly stronger ties to this case than Indiana. It is the situs of the material events, the place where the evidence is located, and the place where employment decisions are made. Plaintiff has proposed a nationwide class of individuals, where the only common trait is their application for employment with Defendant. These individuals presumably reside throughout the country. Thus, the only witness for whom Indiana is convenient is the Plaintiff. Given that all applications from across the country are sent to Defendant's Dallas location, Texas has a stronger interest in resolving this dispute and the community in the Northern District of Texas is closer to the action. Accordingly, these factors weigh strongly in favor of transfer of venue to the Northern District of Texas.

## IV. CONCLUSION

Accordingly, Defendant respectfully requests the Court dismiss Plaintiff's Complaint for improper venue, or, in the alternative, transfer venue to the Northern District of Texas.

Respectfully submitted,

/s/ Carrie B. Hoffman
Ronald M. Gaswirth*
Texas Bar No. 07752000
Carrie B. Hoffman*
Texas Bar No. 00787701
GARDERE WYNNE SEWELL LLP
1601 Elm Street, Suite 3000
Dallas, TX 75201
Telephone: (214) 999-4262
Facsimile: (214) 999-3262
E-mail: rgaswirth@gardere.com
E-mail: choffman@gardere.com

— and —

John H. Halstead
Attorney No. 23594-53
KIGHTLINGER & GRAY, LLP
8001 Broadway, Suite 100
Merrillville, IN 46410
219/769-0413

**ATTORNEYS FOR DEFENDANT**

*Admitted Pro Hac Vice

## CERTIFICATE OF SERVICE

I certify that on May 8, 2015 a copy of the foregoing document was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Paul B. Poracky
KORANSKY, BOUWER & PORACKY, P.C.
425 Joliet Street, Suite 425
Dyer, Indiana 46311

/s/ Carrie B. Hoffman
Carrie B. Hoffman